UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO THOMPSON,<br><br>               Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,[1]<br><br>               Respondent. | Case No. 1:23-cv-00504-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br><u>TWENTY-ONE DAY DEADLINE</u><br><br>Clerk of Court to assign District Judge |

       Petitioner Alfonso Thompson ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).[2]  Petitioner is currently in

---

[1] Petitioner filed this petition against Respondent "the United States of America" which is not the appropriate respondent.  (Doc. 1).  *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian,'" or "the person having a day-to-day control over the prisoner," typically, the custodial facility's warden).

[2] Petitioner has failed to sign his petition.  (Doc. 1 at 7).  An application for a writ of habeas corpus: "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting [on] his behalf."  28 U.S.C. § 2242.  In addition, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that the petition be signed under penalty of perjury by the petitioner or someone acting on his behalf.  *See* Local Rule 190(b) ("The petition or motion shall be signed under penalty of perjury, and if presented in propria persona, upon the form and in accordance with the instructions approved by the Court.").  However, the Ninth Circuit Court of Appeals has held that an unsigned and unverified petition is a defect "that the district court may, if it sees fit, disregard."

1

1  the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater,

2  California, and filed the instant petition on April 4, 2023.  *Id.*  Petitioner seeks review of the sentence

3  imposed on him by the United States District Court for the District of New Mexico.  For the reasons

4  that follow, the Court will recommend that the petition be dismissed with prejudice.

5  **Background**

6       On November 27, 2012, Petitioner was charged by indictment in the District of New Mexico

7  with being a felon in possession of a firearm.  (Doc. 1 at 11); *see United States v. Thompson*, No. 1:12-

8  cr-03013-JB-CG-1 (D.N.M.) (Doc. 2).  On January 14, 2014, Petitioner entered a guilty plea pursuant

9  to a plea agreement with the United States.  (Doc. 1 at 15-23); *Thompson*, No. 1:12-cr-03013-JB-CG-1

10  (Docs. 60-61).  Petitioner alleges he was "promised 8 years in exchange for [pleading guilty]," and in

11  its sentencing memorandum, the United States concurred that the parties' agreement was for a

12  sentence of eight years of imprisonment.  (Doc. 1 at 3, 11).[3]  However, the plea agreement also states,

13  "[t]he parties acknowledge that if the Court determines that Defendant's criminal history establishes

14  him as an armed career criminal under 18 U.S.C. § 924(e) ("Armed Career Criminal Act hereinafter

15  ACCA"), then the Court must reject this plea agreement."  *Id.* at 19, ¶ 10(c).

16       On April 3, 2014, Petitioner's presentencing report ("PSR") was disclosed.  *Id.* at 12.  The PSR

17  concluded that Petitioner qualified as an "armed career criminal under [the ACCA] and is therefore

18  subject to a mandatory minimum penalty of 15 years imprisonment."  *Id.* at 11.  Specifically, the PSR

19  stated Petitioner had been convicted of battery against a house member with a deadly weapon and two

20  attempted murder convictions.  *Id.* at 11-12.

21       On May 12, 2014, the United States filed a sentencing memorandum advising the sentencing

22  court that if Petitioner is deemed an armed career criminal, then the agreed upon disposition under the

23  plea agreement would constitute an illegal sentence.  (Doc. 1 at 11); *Thompson*, No. 1:12-cr-03013-

24  JB-CG-1 (Doc. 64).  On June 24, 2014, at a status conference, Petitioner made an oral motion to

25  

26  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  Because the petition is deficient on jurisdictional grounds the Court shall disregard Petitioner's failure to sign the petition.

27  

28     [3] The court notes that pursuant to Rule 11(c)(1)(C), the plea agreement expressly provides that the parties agreed "[t]he length of the sentence of imprisonment imposed in this case shall be ten years."  *Id.* at 19, ¶ 10(a).

withdraw his plea of guilty.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 77).  The District Court granted a withdrawal of Petitioner's plea of guilty.  *Id*.

On July 2, 2014, Petitioner entered a guilty plea pursuant to a second plea agreement with the United States in which the parties agreed the Petitioner would be sentenced to 15 years of imprisonment.  *See Thompson*, No. 1:12-cr-03013-JB-CG-1 (Docs. 75 at ¶ 10, 76).  On October 14, 2014, the District Court of New Mexico found Petitioner qualified as an armed career criminal and sentenced Petitioner to 180 months, to be served consecutively to any sentence imposed in D-202-CR-2012-3537.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Docs. 91, 92).

On June 6, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, to the District Court of New Mexico.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 97).  Petitioner argued his sentence was unconstitutional pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Id*.  The United States filed an opposition to the petition on August 4, 2016.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 100).

On November 8, 2016, the Honorable Magistrate Judge Carmen E. Garza of the District Court of New Mexico issued findings and recommendations recommending the petition be dismissed with prejudice.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 103).  The magistrate found Petitioner's sentence was properly enhanced under the ACCA because his attempted first-degree murder qualified as a violent felony.  *Id*.  Petitioner filed objections to the findings and recommendations on December 7, 2016.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 106).

The Honorable District Judge C. LeRoy Hansen of the District Court of New Mexico issued an order adopting the magistrate judge's findings and recommendation on January 19, 2017.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Docs. 107-08).  That same day, Petitioner sought a certificate of appealability to the Tenth Circuit Court of Appeals.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 109).  On January 9, 2018, the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 122).  On June 25, 2018, Petitioner filed a petition for writ of certiorari to the Supreme Court of the United States.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 123).  The Supreme Court denied the petition on October 1, 2018.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 124).

1    On December 3, 2018, Petitioner filed a second petition for writ of habeas corpus pursuant to

2  28 U.S.C. § 2255, to the District Court of New Mexico. *Thompson*, No. 1:12-cr-03013-JB-CG-1

3  (Doc. 125).  On June 28, 2019, the Honorable District Judge James O. Browning of the District of

4  New Mexico issued an order dismissing the second petition. *Thompson*, No. 1:12-cr-03013-JB-CG-1

5  (Doc. 128).  The District Court found Petitioner sought to relitigate the same issue that his first

6  petition presented and did not present "any newly discovered evidence undermining his conviction or

7  raise a new rule of constitutional law." *Id*. at 5.  The District Court held Petitioner's petition was a

8  second or successive § 2255 petition filed without the requisite authorization and dismissed the

9  petition for lack of jurisdiction. *Id*. at 5-7.

10    On April 4, 2023, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

11  2241 to this Court.  (Doc. 1).

12  **Petitioner's Claims**

13    Petitioner claims the District Court of New Mexico improperly sentenced him under the

14  ACCA. *Id*. at 1-2.  Petitioner argues his two attempted murder convictions do not qualify as violent

15  predicate crimes under the ACCA. *Id*. at 2 (citing *State v. Price*, 104 N.M. 703 (N.M. Ct. App. 1986);

16  *Borden v. United States*, 141 S. Ct. 1817 (2021)).  Next, Petitioner asserts a claim of ineffective

17  assistance of counsel as his attorney failed to challenge his armed career criminal designation. *Id*. at

18  3-4.  Petitioner contends his sentence is improper as the district court disregarded his "plea agreement

19  for 8 years." *Id*. at 2.  Petitioner also asserts he was coerced into agreeing to a plea agreement. *Id*. at

20  3.

21    Petitioner claims his habeas case needs to be "reopened" in light of the Supreme Court's

22  decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Id*. at 4.  Petitioner contends he is

23  actually innocent of his sentence as "the court abused its discretion by applying this enhancement

24  allowing the prosecution to punish for what was not written in the indictment." *Id*. at 4-5 (citing

25  *United States v. Wharton*, No. ELH-13-0043, 2014 WL 1430387 (D. Md. April 10, 2014)).  Petitioner

26  request this Court reverse his sentence to the original sentence of eight years. *Id*. at 5.

27  / / /

28

4

1

**Preliminary Screening Requirement**

2      Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

3  review of each petition for writ of habeas corpus.[4]  *Pro se* habeas corpus petitions are to be liberally

4  construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a

5  petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief."  Habeas

6  Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a

7  petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each

8  ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must

9  state facts that point to a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655

10  (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague,

11  conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A

12  petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no

13  tenable claim for relief can be pleaded were such leave to be granted."  *Jarvis v. Nelson*, 440 F.2d 13,

14  14 (9th Cir. 1971) (per curiam).

15  **Jurisdiction**

16      In general, a federal prisoner who wishes to challenge the validity or constitutionality of his

17  federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

18  sentence under 28 U.S.C. § 2255.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens*

19  *v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  In such cases, only

20  the sentencing court has jurisdiction.  *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d

21  861, 864 (9th Cir. 2000).

22      In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

23  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where

24  the petitioner is in custody.  *Hernandez*, 204 F.3d at 865.  Section 2241(a) provides that writs of

25  habeas corpus may be granted by the district courts "within their respective jurisdictions."  A writ of

26  habeas corpus operates not upon the prisoner, but upon the prisoner's custodian.  *Braden v. 30th*

27

28      [4] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are
appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

1    *Judicial Circuit Court*, 410 U.S. 484, 494-495 (1973).  A petitioner filing a petition for writ of habeas

2    corpus under § 2241 generally must file the petition in the judicial district of the petitioner's custodian.

3    *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990).  Jurisdiction by the custodial district "is not

4    destroyed by a transfer of the petitioner and the accompanying custodial change."  *Francis v. Rison*,

5    894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 889,

6    888 (10th Cir. 1985)).

7         "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a

8    federal prisoner may test the legality of his detention, and that restrictions on the availability of a §

9    2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  *Stephens*, 464 F.3d at

10   897.  An exception exists by which a federal prisoner may challenge the validity or constitutionality of

11   his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch"

12   of § 2255.  *Id.*; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Under the § 2255 escape

13   hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is

14   'inadequate or ineffective to test the legality of his detention.'"  *Marrero v. Ives*, 682 F.3d 1190, 1192

15   (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897).

16        A remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping

17   provisions prevent the petitioner from filing a second or successive petition.  *Ivy v. Pontesso*, 328 F.3d

18   1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam)

19   (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as

20   successive and court of appeals did not authorize a successive motion).  Instead, the Ninth Circuit has

21   held that § 2255 provides an "inadequate and ineffective" remedy (and thus that the petitioner may

22   proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence, and (2) has

23   never had an "unobstructed procedural shot" at presenting the claim.  *Harrison*, 519 F.3d at 959;

24   *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192.  The petitioner bears the burden to

25   show that remedy under § 2255 is inadequate or ineffective.  *Redfield v. United States*, 315 F.2d 76, 83

26   (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for

27   lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

28

**Applicable Law and Analysis**

A.  Actual Innocence

To establish actual innocence for purposes of habeas relief, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id*.  In *Allen v. Ives*, the Ninth Circuit held that a habeas petitioner could challenge a sentencing enhancement under the escape hatch because changes in the law "transformed his [prior state court conviction] from a predicate crime into a non-predicate crime."  950 F.3d 1184, 1190 (9th Cir. 2020).  Subsequently, the Ninth Circuit clarified that *Allen* is limited to petitioners who received a mandatory sentence under a mandatory sentencing scheme.  *Shepherd v. Unknown Party*, 5 F.4th 1075, 1078 (9th Cir. 2021) (citing *Allen v. Ives*, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J, concurring in the denial of the petition for rehearing *en banc*)).

Petitioner has not shown he received a mandatory sentence under a mandatory sentencing scheme.  To the extent Petitioner claims that he is "actually innocent" of his armed career criminal offender enhancement, Petitioner was sentenced after *United States v. Booker*, 543 U.S. 220 (2005) under advisory, not mandatory, career offender guidelines.  *See Beckles v. United States*, 580 U.S. 256, 266 (2017) (district courts have discretion to apply or not apply advisory career offender guidelines enhancements).  In this case, the trial court calculated an advisory guideline imprisonment range of 188 to 235 months.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 120 at 7-8).  The trial court exercised its discretion and imposed a sentence below the applicable guideline range (180 monts).  *Id*. at 8.  The limited holding of *Allen* is insufficient to raise a claim of actual innocence.  *See Shepherd*, 5 F.4th at 1078 ("The district court imposed a below-the-(either)-guidelines-range sentence of 190 months, belying Shepherd's claim of actual innocence").  *See also Wilson v. Thompson*, No. 2:21-cv-0793 KJN P, 2022 WL 815334, *4 (E.D. Cal. Mar. 17, 2022) (finding escape hatch unavailable to petitioner because his "predicate state court convictions which triggered his career offender status did not require the court to impose a sentence mandated by statute. Rather, petitioner was sentenced within a sentencing range, not pursuant to a mandatory sentencing statute.") (citing

*Shepherd*).  Therefore, Petitioner fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

     B.  Unobstructed Procedural Shot

     In determining whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060).  "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim."  *Allen*, 950 F.3d at 1190 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011)).  To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255.  He must never have had the opportunity to raise it by motion."  *Ivy*, 328 F.3d at 1060.

     Petitioner claims this matter must be "reopened" as the legal landscape has changed such that his claims are now cognizable.  (Doc. 1 at 4).  However, Petitioner does not demonstrate that the legal landscape changed in any way material to his case.  Petitioner first relies upon the New Mexico Court of Appeal's decision in *Price*.  *Id.* at 2.  The District Court for the District of New Mexico already addressed *Price* in disposing of Petitioner's first § 2255 action.  *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Doc. 103).

     Petitioner next cites *Borden*.  (Doc. 1 at 2).  In *Borden*, the Supreme Court determined that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA.  141 S. Ct. at 1834.  However, *Borden* is inapplicable because Petitioner was not convicted of a criminal offense that required only a *mens rea* of recklessness.

     Petitioner also cites *Wharton*, to claim his sentence is invalid as his indictment does not contain every essential element of the offense.  (Doc. 1 at 2).  *Wharton* arises outside the Ninth Circuit and, thus, offers only persuasive authority to this Court.  Moreover, the case was decided in 2014 and was available to Petitioner in any of his previous pleadings and actions filed thereafter.

Lastly, Petitioner cites *Concepcion*. (Doc. 1 at 4). *Concepcion* involves the scope of district court discretion in resentencing under the First Step Act. 142 S. Ct. 2389. The Supreme Court held district courts must consider a party's argument based on intervening changes in the law. *Id*. The present petition involves neither the First Step Act nor resentencing by the district court. Accordingly, Petitioner fails to satisfy the escape hatch criteria of § 2255, and this Court lacks jurisdiction over Petitioner's § 2241 petition.

Where, as here, a federal court lacks jurisdiction to consider a habeas petition, the court should consider whether to transfer it to another court. 28 U.S.C. § 1631. A transfer of a habeas petition is proper where: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

A transfer would not serve the interests of justice. The instant petition simply relitigates the arguments Petitioner raised in his past § 2255 petitions. *Thompson*, No. 1:12-cr-03013-JB-CG-1 (Docs. 97, 125). A successive § 2255 petition in the sentencing court would have to be certified by the Tenth Circuit to contain:

(1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner cannot meet either requirement. He has not shown newly discovered evidence of his actual innocence and has failed to argue a new rule of constitutional law. *Supra* 8-9. Accordingly, transfer of a successive § 2255 petition to the sentencing court would be futile.

## Conclusion and Recommendations

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. § 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction. Accordingly, it is HEREBY ORDERED: the Clerk of Court is directed to assign a District Judge to

this action.  The Court FURTHER RECOMMENDS that the petition for writ of habeas corpus (Doc. 1) be DISMISSED WITH PREJUDICE and without leave to amend for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES MAGISTRATE JUDGE