UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO THOMPSON,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. 1:23-cv-00504-ADA-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(ECF No. 6) |

Petitioner Alfonso Thompson ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner seeks review of the sentence imposed on him by the United States District Court for the District of New Mexico.  (*Id*. at 5.)

On April 10, 2023, the assigned Magistrate Judge completed a screening of the petition.  (*See* ECF No. 6.)  The assigned Magistrate Judge found that this Court lacks jurisdiction over this matter as Petitioner had failed to satisfy the escape hatch criteria of 28 U.S.C. § 2255.  (*Id*. at 7-9.)  The assigned Magistrate Judge issued findings and recommendations that the petition be dismissed with prejudice and without leave to amend for lack of jurisdiction.  (*Id*.)

On May 1, 2023, Petitioner filed objections to the assigned Magistrate Judge's findings and recommendations.  (ECF No. 7).  Petitioner did not respond to the finding that his petition failed to

1    satisfy the escape hatch criteria of 28 U.S.C. § 2255. (*See id.*) Instead, Petitioner argued that this
2    Court possesses jurisdiction pursuant to 5 U.S.C. §§ 702 and 703 of the Administrative Procedure
3    Act ("APA"). (*Id*. at 4.)

4        The APA provides a cause of action for persons "suffering legal wrong because of agency
5    action, or adversely affected or aggrieved by agency action within the meaning of a relevant
6    statute." *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (citing 5 U.S.C. § 702). However,
7    the APA does not provide an independent jurisdictional basis for reviewing agency action; it only
8    prescribes the standards for reviewing agency action once jurisdiction is otherwise established.
9    *Staacke v. U.S. Sec'y of Lab.*, 841 F.2d 278, 282 (9th Cir. 1988) (citing *Califano v. Sanders*, 430
10   U.S. 99, 106-07 n.6 (1977) ("[§ 702] was not intended as an independent jurisdictional
11   foundation")).

12       Here, the Court finds that Plaintiff's assertion of subject matter jurisdiction pursuant to the
13   APA as unavailing because his petition must arise under either 28 U.S.C. § 2241 or 28 U.S.C. §
14   2255. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (holding that under the § 2255
15   escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255
16   is inadequate or ineffective to test the legality of his detentionz"); *see also Hernandez v. Campbell*,
17   204 F.3d 861, 865 (9th Cir. 2000) (holding that a prisoner challenging the manner, location, or
18   conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28
19   U.S.C. § 2241 in the district where the petitioner is in custody); *Tripati v. Heman*, 843 F.2d 1160,
20   1162 (9th Cir. 1988) (holding that a federal prisoner who wishes to challenge the validity or
21   constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set
22   aside, or correct the sentence under 28 U.S.C. § 2255). As indicated in the Magistrate Judge's
23   findings and recommendations, Petitioner failed to satisfy the escape hatch criteria of § 2255, and
24   this Court lacks jurisdiction over Petitioner's § 2241 petition. (ECF No. 6 at 9.) Asserting
25   jurisdiction pursuant to the APA would not resolve the issue of subject matter jurisdiction. *See*
26   *Staacke*, 841 F.2d at 282.

27       Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court has conducted a *de*
28   *novo* review of this case. Having carefully reviewed the entire matter, this Court concludes that

the findings and recommendations are supported by the record and by proper analysis. Because this Court finds no jurisdiction based on 28 U.S.C. § 2241 or 28 U.S.C. § 2255, Petitioner's objections are without merit.

Accordingly,

1. The April 10, 2023, Findings and Recommendations, (ECF No. 6), are adopted in full;

2. Petitioner's petition for writ of habeas corpus, (ECF No. 1), is dismissed with prejudice for lack of jurisdiction and without leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 12, 2023

_____
UNITED STATES DISTRICT JUDGE